United States District Court
Southern District of Texas
**ENTERED**
October 20, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KENNETH SOWELL, <br> TDCJ #1322390, <br><br> Plaintiff, <br><br> vs. <br><br> ESTELLE MEDICAL DEPARTMENT, <br><br> Defendant. | § § § § § § § § § § § § § CIVIL ACTION NO. H-20-3114 |

## MEMORANDUM AND ORDER

The plaintiff, Kenneth Sowell (TDCJ #1322390), is presently incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ"). He has filed a civil rights complaint under 42 U.S.C. § 1983, concerning conditions of his confinement at the Estelle Unit in Huntsville (Dkt. # 1). Because he is an inmate who proceeds *in forma pauperis*, the Court is required to scrutinize the complaint and dismiss the case, in whole or in part, if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). After reviewing all of the pleadings and the applicable law, the Court concludes that this case must be **DISMISSED** for the reasons that follow.

## I. BACKGROUND

Sowell is currently confined by TDCJ at the Estelle Unit in Huntsville (Dkt. # 1, at 1). Sowell alleges that he slipped and fell in the shower when his knee gave out on August 4, 2018 (*Id.* at 2). Sowell claims that he injured his neck as a result of the fall (*Id.*). On August 6, 2018, Sowell contends that he submitted a "sick call" to the Estelle Medical Department, advising them of his injury and asking to see a health care provider (*Id.*). Sowell contends that he was not seen by a provider until 33 days later on September 7, 2018 (*Id.*). When he was finally seen by Nurse Practitioner Onuigbo Chininma on that date, he was prescribed pain medication for nerve damage but not given a physical examination or any other treatment for his injured knee, neck, and back. (*Id.* at 3).

Sowell has filed this suit under 42 U.S.C. § 1983 against the "Estelle Unit Medical Department," which is the only defendant that he names (Dkt. # 1, at 2). Sowell accuses the Estelle Medical Department of denying him access to services with "reckless disregard" and deliberate indifference by failing to treat his injuries promptly (*Id.* at 3-9). He also alleges that he was denied medical care in violation of the Americans with Disabilities Act ("ADA") (*Id.*). He seeks compensatory damages and unspecified injunctive relief (*Id.* at 9).

## II. DISCUSSION

As an initial matter, Sowell does not establish that the Estelle Medical

2

Department has capacity to sue or be sued. *See* FED. R. CIV. P. 17(b); *Maxwell v. Henry*, 815 F. Supp. 213, 215 (S.D. Tex. 1993). To have the requisite capacity to sue or be sued, a governmental department or political subdivision must "enjoy a separate legal existence." *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991) (citation and internal quotation marks omitted). "[U]nless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.* (citations omitted).

Other courts have recognized that prison units or medical departments within a detention facility do not have the requisite legal capacity and Sowell does not allege otherwise. *See Sturgeon v. TDCJ Coffield Unit*, No. 6:18-cv-468, 2019 WL 2610828, at *2 (E.D. Tex. May 22, 2019) (concluding that a state prison unit "has no jural existence and therefore lacks capacity to be sued"); *Rangel v. Lubbock County Detention Center*, No. 5:17-cv-135, 2017 WL 11469606, at *6 (N.D. Tex. Dec. 21, 2017) (dismissing claims against a detention center and its medical department as frivolous and for failure to state a claim). In addition to lacking capacity, courts have recognized that a prison unit or department within a particular facility is not a "person" who can be sued under 42 U.S.C. § 1983. *See Nixon v. Neal*, Civil No. 20-2934, 2021 WL 2688950, at *6 (E.D. La. June 7, 2021) (citations omitted). If a plaintiff fails to allege or demonstrate that a defendant is "a separate

3

legal entity having jural authority, then claims against that entity should be dismissed as frivolous and for [failure] to state a claim." *Hutchinson v. Box*, No. 4:10-CV-240, 2010 WL 5830499, at *1 (E.D. Tex. Aug. 20, 2010) (internal quotation marks and citation omitted), report and recommendation adopted, 2011 WL 839864 (E.D. Tex. Feb. 17, 2011).

To the extent that Sowell's claims could be construed as those against medical providers employed by TDCJ at the Estelle Unit, the only individual he names is Nurse Practitioner Onuigbo Chininma. Court records reflect that Sowell is already litigating issues related to the knee injury he sustained from falling in the shower on August 4, 2018, in two other lawsuits filed previously in this district. *See Sowell v. Barber*, Civil No. H-18-cv-4499 (S.D. Tex.) (Amended Complaint, Dkt. # 12, at 3-4) (referencing his slip and fall in the shower on August 4, 2018, and claiming inadequate medical care for his injured knee and neck at the Estelle Unit); *Sowell v. University of Texas Medical Branch*, Civil No. H-20-cv-1978 (S.D. Tex.) (Complaint, Dkt. # 1, at 3-4) (including claims against the Estelle Medical Department, Nurse Practitioner Chininma, and other providers for failing to address his complaints of severe pain or treat him appropriately for neck pain and a knee injury that was diagnosed in December 2018 as a "high grade ACL tear").

The Fifth Circuit has held that a complaint is considered malicious for purposes of 28 U.S.C. § 1915(e) if it duplicates allegations made in another federal

lawsuit by the same plaintiff. *See Pittman v. Moore*, 980 F.2d 994, 994 (5th Cir. 1993) (per curiam); *see also Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1987) (per curiam) (observing that "[r]epetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § [1915(e)(2)(B)] as malicious") (citations omitted); *Willis v. Bates*, 78 F. App'x 929, 929 (5th Cir. 2003) ("A district court may dismiss a lawsuit as malicious if it arises from the same series of events and alleges many of the same facts as an earlier suit."). Because the plaintiff has made the same or similar claims previously, the Court declines to grant him leave to amend and will dismiss this suit against the Estelle Medical Department as legally frivolous and for failure to state a claim.

### III.  CONCLUSION AND ORDER

Accordingly, the Court **ORDERS** as follows:

1. The civil rights complaint filed by Kenneth Sowell against the Estelle Unit Medical Department (Dkt. # 1) is **DISMISSED** with prejudice as legally frivolous and for failure to state a claim.

2. The dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g).

The Clerk's Office will provide a copy of this order to the plaintiff. **The Clerk will also provide a copy of this order to (1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, fax: 512-936-2159; and (2) the Manager of the Three Strikes List for the Southern District**

of Texas at: Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas on _____Oct 19_____, 2021.

_____
DAVID HITTNER
UNITED STATES DISTRICT JUDGE